IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:05CR94(04) |
| | § | |
| KIM D. KELLY | § | |

**ORDER DENYING DEFENDANT'S MOTION TO TOLL TIME**

Pending before the court is the Defendant's "Motion to Toll Time for Filing 28 U.S.C. § 2255 Motion" (docket entry #209). The Defendant is requesting additional time in which to file his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Having considered the Defendant's motion, the court finds that the same should be denied for the reasons set forth below.

The court entered judgment against the Defendant on August 21, 2006.[2] The Defendant did not timely file a notice of appeal with the United States Court of Appeals for the Fifth Circuit.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one year statute of limitations now exists for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, petitioners seeking collateral relief have one year from "the date on which the judgment became final" to file a motion challenging their convictions. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States*

---

[1] The court notes that only page one of the Defendant's motion was filed; accordingly, the court does not know how much additional time the Defendant is seeking.

[2] The judgment was signed on August 17, 2006 by the Honorable Ron Clark and entered on August 21, 2006.

*v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). For example, when a defendant fails to file a petition for a writ of certiorari after his conviction is affirmed, his conviction is final upon expiration of the time for seeking certiorari in the Supreme Court. *Gamble, supra*. When he fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, the judgment was entered on August 21, 2006. The notice of appeal was due ten days later. Since the Defendant did not timely file a notice of appeal, his conviction became final for purposes of § 2255 no later than August 31, 2006. The present § 2255 motion must be filed no later than August 31, 2007, absent any tolling provisions.

However, the Defendant is seeking an extension of time to file his § 2255 motion. The statute of limitations of § 2255 does not act as a deadline that is extendable by court order. Instead, it is a statutory bar to consideration of the claims asserted in a petition. It is not a jurisdictional bar to filing the action, but rather an affirmative defense that is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000). This court cannot pre-approve any delay in filing a motion under § 2255 before the Defendant files such motion. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 604 (5th Cir.2004) (court does not grant advisory opinions); *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir.2004) (same).

The Defendant's motion for an extension of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court

has an obligation to examine *sua sponte* ); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir.1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court).  Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (*quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982)). It is, therefore,

**ORDERED** that the Defendant's "Motion to Toll Time for Filing 28 U.S.C. § 2255 Motion" (docket entry #209) is hereby **DENIED**.  Absent any tolling provisions, the Defendant must file his § 2255 motion by August 31, 2007.  It is further

**ORDERED** that the Clerk of Court shall forward a copy of this order to the Defendant at F.C.I. Seagoville, P.O. Box 9000, Seagoville, Texas 75159-9000.

IT IS SO ORDERED.

**SIGNED this the 3rd day of August, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE